# EXHIBIT A

D.N. FBT-CV-22-6119143-S

| | | |
|---|---|---|
| **PHILBERT DAVENPORT** | : | **SUPERIOR COURT** |
| **VS.** | : | **FAIRFIELD JUDICIAL DISTRICT** |
| **THE PORTER AND CHESTER INSTITUTE, INC.** | : | **FEBRUARY 13, 2023** |

## REVISED COMPLAINT

1.	At all times material, plaintiff, Philbert Davenport, was and is a citizen of the State of Delaware residing in the Town of Bear.

2.	Defendant The Porter and Chester Institute, Inc. was and is a Connecticut corporation with a principal place of business located at 30 Waterchase Drive, Rocky Hill, Connecticut 06067.

3.	Defendant owns and operates schools including a school located at 670 Lordship Boulevard, Stratford, Connecticut 06615.

4.	At all times material, plaintiff was an employee under the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-51 *et seq*.

5.	At all times material, defendant was an employer under the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-51 *et seq*.

6.	Defendant employed plaintiff at its Stratford, Connecticut school.

7.	Defendant employed plaintiff as a Campus Director.

8.	Defendant hired plaintiff on or about July 23, 2019.

9.	Plaintiff was qualified for the job.

10.	Defendant employs Vicki Kane.  Kane is a supervisor. Kane supervised plaintiff.

11.	There was training associated with the Campus Director position.

12.	Plaintiff was supposed to receive the training.

1

13. Plaintiff did not receive all the training.

14. Defendant pointed out areas where they believed plaintiff needed improvement. These were areas where plaintiff had not received adequate training. Plaintiff explained this to the defendant.

15. The other campus directors received adequate training.

16. The other campus directors were provided opportunities to correct or improve upon their performance.

17. Defendant did not provide plaintiff with the same opportunities to correct or improve on his performance.

18. The other campus directors were not African-American.

19. Plaintiff is African-American.

20. Defendant told plaintiff that he was being terminated because he did not fit what they were looking for.

21. Approximately five (5) days prior to the termination, defendant placed plaintiff on coaching.

22. Defendant did not follow its own policies and practices regarding the coaching.

23. Other campus directors made errors. They were not written up for the errors. They were not put on coaching. They were no terminated.

24. Defendant employed an individual who made racial slurs toward students. Defendant did not terminate this employee. This employee was allowed to resign and then was allowed to go to another campus.

25. There were approximately thirteen (13) directors including the plaintiff. Out of the thirteen (13) directors, there was a single African-American – plaintiff.

26.    Overall, African-Americans make up about 2% of defendant's administration.

27.    African-Americans make up about 13.4% of the United States population.

https://www.census.gov/quickfacts/fact/table/US/PST045219.

28.    Kane told plaintiff that he needed training in areas that she had concerned in.

29.    Plaintiff explained to Kane that Phil Kreps (his initial supervisor) stated that he was hired to initially get the faculty and students in order since it was dysfunctional.  Kreps told plaintiff to not focus on policy.

30.    Kane replaced Kreps.

31.    Kane was in the position for only approximately 30 days prior to plaintiff's termination.

32.    Kane was involved in the decision-making process to terminate plaintiff's employment.

33.    Any excuse offered by defendant to explain the termination decision would be a pretext to mask unlawful discrimination.

34.    Plaintiff notified defendant that his doctor wanted him to temporarily work remotely due the risks COVID-19 presented given his age and underlying health.

35.    Defendant in turn wanted to put plaintiff on unpaid family leave.

36.    Defendant terminated plaintiff's employment on or about July 26, 2020.

37.    On or about March 1, 2021, plaintiff filed a complaint against defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO).

38.    On or about March 1, 2021, plaintiff filed a complaint against defendant with the Equal Employment Opportunities Commission (EEOC).

3

39.    On August 3, 2022, plaintiff received a release of jurisdiction issued by the CHRO (attached hereto as Ex.1).

40.    On September 6, 2022, plaintiff received a right to sue letter from the EEOC.

**FIRST COUNT**
**(Race Discrimination in Violation of C.G.S. §46a-60(b)(1))**

1.    Plaintiff repeats the allegations in paragraphs 1 through 40 above as if fully incorporated herein.

41.    Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways.

(a)    In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's race;

(b)    In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

(c)    In that defendant treated the plaintiff adversely different from similarly situated employees;

(d)    In that defendant terminated plaintiff's employment on account of his race;

(e)    In that defendant intentionally discriminated against the plaintiff.

42.    As a result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his race.

43.    As a result of defendant's discrimination, plaintiff has been deprived of income, wages, and benefits.

44.    As a further result of defendant's termination and discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by

the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

45.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## <u>SECOND COUNT</u>
### (Race Discrimination in Violation of Title VII)

1.     Plaintiff re-alleges paragraphs 1-45 and incorporates those paragraphs are though fully rewritten herein.

46.     Defendant's actions violated Title VII as amended, which prohibit discrimination on the basis of race.

47.     As a result of defendant's discrimination, plaintiff has suffered and sustained harms and losses.

48.     Defendant exhibited reckless indifference to the plaintiff's civil rights.

## **DEMAND FOR RELIEF**

WHEREFORE, plaintiff prays for appropriate damages against defendant including: compensatory damages; damages for back pay, front pay, lost personal days, emotional distress; loss pension/retirement benefits; CFEPA punitive damages; Title VII punitive damages; attorneys' fees; costs; interest; consequential damages; prejudgment interest; job reinstatement; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 13th day of February, 2023.


*James Sabatini*
_____
James V. Sabatini, Esquire
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

6

## <u>STATEMENT OF AMOUNT IN DEMAND</u>

The amount in demand is greater than $15,000.00

exclusive of attorneys and costs.

# EXHIBIT 1

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Philbert Davenport
COMPLAINANT

CHRO No. 2120267

vs.

EEOC No. 16A-2021-00564

The Porter and Chester Institute, Inc.
RESPONDENT

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

DATE: August 3, 2022
mrm

Tanya A. Hughes, Executive Director

Service:   VIA EMAIL
Complainant's Attorney: James Sabatini, jsabatini@sabatinilaw.com
Respondent's Attorney:  Holly L. Cini, holly.cini@jacksonlewis.com

# EXHIBIT 2

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/06/2022

**To:** Philbert Davenport
9 Persimmons Drive
Bear, DE 19701

Charge No: 16A-2021-00564

EEOC Representative and email:     Amon Kinsey
Supervisory Investigator
amon.kinsey@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party is pursuing claims in another forum.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
09/06/2022
Timothy Riera
Acting District Director

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 16A-2021-00564 to the District Director at Timothy Riera, 33 Whitehall St 5th Floor

New York, NY 10004.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

**Cc:**
Holly L Cinni
Jackson Lewis, P.C.
90 State House Square, 8th Fl
Hartford, CT 06103


James Sabatini
SABATINI AND ASSOCIATES
1 Market Square
Newington, CT 06111


Please retain this notice for your records.

**Cc:**
Dattco, Inc.
83 Souh Street
New Britain, CT 06051


James V Sabatini
SABATINI AND ASSOCIATES, LLC
One Market Square
Newington, CT 06111


Please retain this notice for your records.

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing has been e-filed and

E-MAILED on February 13, 2023, to the following:

Holly L. Cini, Esquire
Joseph W. Fazzino
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT 06103
Tel. no.:   860-522-0404
Fax no.:   860-247-1330
e-mail:   Holly.Cini@jacksonlewis.com
Joseph.Fazzino@jacksonlewis.com

/s/ James V. Sabatini
James V. Sabatini

10

**RETURN DATE:  November 22, 2022**

| | | |
|---|---|---|
| **PHILBERT DAVENPORT** | : | **SUPERIOR COURT** |
| **VS.** | : | **FAIRFIELD JUDICIAL DISTRICT** |
| **THE PORTER AND CHESTER INSTITUTE, INC.** | : | **OCTOBER 21, 2022** |

## COMPLAINT

1.     At all times material, plaintiff, Philbert Davenport, was and is a citizen of the State of Delaware residing in the Town of Bear.

2.     Defendant The Porter and Chester Institute, Inc. was and is a Connecticut corporation with a principal place of business located at 30 Waterchase Drive, Rocky Hill, Connecticut 06067.

3.     Defendant owns and operates schools including a school located at 670 Lordship Boulevard, Stratford, Connecticut 06615.

4.     At all times material, plaintiff was an employee under the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-51 *et seq.*

5.     At all times material, defendant was an employer under the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-51 *et seq.*

6.     Defendant employed plaintiff at its Stratford, Connecticut school.

7.     Defendant employed plaintiff as a Campus Director.

8.     Defendant hired plaintiff on or about July 23, 2019.

9.     Plaintiff was qualified for the job.

10.     Defendant employs Vicki Kane.  Kane is a supervisor. Kane supervised plaintiff.

11.     There was training associated with the Campus Director position.

12.     Plaintiff was supposed to receive the training.

1

13. Plaintiff did not receive all the training.

14. Defendant pointed out areas where they believed plaintiff needed improvement. These were areas where plaintiff had not received adequate training. Plaintiff explained this to the defendant.

15. The other campus directors received adequate training.

16. The other campus directors were provided opportunities to correct or improve upon their performance.

17. Defendant did not provide plaintiff with the same opportunities to correct or improve on his performance.

18. The other campus directors were not African-American.

19. Plaintiff is African-American.

20. Defendant told plaintiff that he was being terminated because he did not fit what they were looking for.

21. Approximately five (5) days prior to the termination, defendant placed plaintiff on coaching.

22. Defendant did not follow its own policies and practices regarding the coaching.

23. Other campus directors made errors. They were not written up for the errors. They were not put on coaching. They were no terminated.

24. Defendant employed an individual who made racial slurs toward students. Defendant did not terminate this employee. This employee was allowed to resign and then was allowed to go to another campus.

25. There were approximately thirteen (13) directors including the plaintiff. Out of the thirteen (13) directors, there was a single African-American – plaintiff.

26. Overall, African-Americans make up about 2% of defendant's administration.

27. African-Americans make up about 13.4% of the United States population.

https://www.census.gov/quickfacts/fact/table/US/PST045219.

28. Kane told plaintiff that he needed training in areas that she had concerned in.

29. Plaintiff explained to Kane that Phil Kreps (his initial supervisor) stated that he was hired to initially get the faculty and students in order since it was dysfunctional. Kreps told plaintiff to not focus on policy.

30. Kane replaced Kreps.

31. Kane was in the position for only approximately 30 days prior to plaintiff's termination.

32. Kane was involved in the decision-making process to terminate plaintiff's employment.

33. Any excuse offered by defendant to explain the termination decision would be a pretext to mask unlawful discrimination.

34. Plaintiff notified defendant that his doctor wanted him to temporarily work remotely due the risks COVID-19 presented given his age and underlying health.

35. Defendant in turn wanted to put plaintiff on unpaid family leave.

36. Defendant terminated plaintiff's employment on or about July 26, 2020.

37. On or about March 1, 2021, plaintiff filed a complaint against defendant with the Connecticut Commission on Human Rights and Opportunities (CHRO).

38. On or about March 1, 2021, plaintiff filed a complaint against defendant with the Equal Employment Opportunities Commission (EEOC).

3

39. On August 3, 2022, plaintiff received a release of jurisdiction issued by the CHRO (attached hereto as Ex.1).

40. On September 6, 2022, plaintiff received a right to sue letter from the EEOC.

**FIRST COUNT**
**(Disability Discrimination in Violation of C.G.S. §46a-60(b)(1))**

1. Plaintiff repeats the allegations in paragraphs 1 through 40 above as if fully incorporated herein.

41. Defendant, by and through its agents and/or employees, violated the Connecticut Fair Employment Practices Act C.G.S. §46a-60a *et seq.* in one or more of the following ways.

(a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's race;

(b) In that defendant discriminated against the plaintiff in such a way that adversely affected his status as an employee;

(c) In that defendant treated the plaintiff adversely different from similarly situated employees;

(d) In that defendant terminated plaintiff's employment on account of his race;

(e) In that defendant intentionally discriminated against the plaintiff.

42. As a result of defendant's unequal treatment and discrimination, plaintiff has been deprived of his employment and equal employment opportunities because of his race.

43. As a result of defendant's discrimination, plaintiff has been deprived of income, wages, and benefits.

44. As a further result of defendant's termination and discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of his personal and professional reputation, damage caused by

4

the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

45.     Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## SECOND COUNT
### (Gender Discrimination in Violation of Title VII)

1.     Plaintiff re-alleges paragraphs 1-45 and incorporates those paragraphs are though fully rewritten herein.

46.     Defendant's actions violated Title VII as amended, which prohibit discrimination on the basis of race.

47.     As a result of defendant's discrimination, plaintiff has suffered and sustained harms and losses.

48.      Defendant exhibited reckless indifference to the plaintiff's civil rights.

5

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages against defendant including: compensatory damages; damages for back pay, front pay, lost personal days, emotional distress; loss pension/retirement benefits; CFEPA punitive damages; Title VII punitive damages; attorneys' fees; costs; interest; consequential damages; prejudgment interest; job reinstatement; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; for a trial by jury; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 21st day of October, 2022.

James V. Sabatini, Esquire
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
Juris No. 052654

Please file our appearance
on behalf of the Plaintiff,

James V. Sabatini

6

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is greater than $15,000.00

exclusive of attorneys and costs.

# EXHIBIT 1

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Philbert Davenport
COMPLAINANT

CHRO No. 2120267

EEOC No. 16A-2021-00564

VS.

The Porter and Chester Institute, Inc.
RESPONDENT

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

DATE: August 3, 2022
mrm

Tanya A. Hughes, Executive Director

Service:    VIA EMAIL
Complainant's Attorney: James Sabatini, jsabatini@sabatinilaw.com
Respondent's Attorney:  Holly L. Cini, holly.cini@jacksonlewis.com

# EXHIBIT 2

9

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/06/2022

**To:** Philbert Davenport
9 Persimmons Drive
Bear, DE 19701

Charge No: 16A-2021-00564

EEOC Representative and email:    Amon Kinsey
Supervisory Investigator
amon.kinsey@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party is pursuing claims in another forum.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
09/06/2022
Timothy Riera
Acting District Director

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC
*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 16A-2021-00564 to the District Director at Timothy Riera, 33 Whitehall St 5th Floor

New York, NY 10004.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

**Cc:**
Holly L Cinni
Jackson Lewis, P.C.
90 State House Square, 8th Fl
Hartford, CT 06103


James Sabatini
SABATINI AND ASSOCIATES
1 Market Square
Newington, CT 06111


Please retain this notice for your records.

**Cc:**
Dattco, Inc.
83 Souh Street
New Britain, CT 06051

James V Sabatini
SABATINI AND ASSOCIATES, LLC
One Market Square
Newington, CT 06111

Please retain this notice for your records.