**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

PHILBERT DAVENPORT,                  )
    *Plaintiff*,                         )
                                         )
v.                                   )          3:23-CV-339 (OAW)
                                         )
PORTER AND CHESTER INSTITUTE,        )
INC.,                                )
    *Defendant.*                         )
                                         )
                                         )
                                         )

<u>**ORDER DENYING MOTION FOR REMAND**</u>

    **THIS ACTION** is before the court upon Plaintiff's Motion to Remand to State Court

("Motion").  *See* ECF No. 15.  The court has reviewed the Motion, Defendants' opposition

thereto, *see* ECF No. 16, all supporting exhibits, and the record in this matter and is

thoroughly advised in the premises.  No reply brief was submitted, and the time in which

to do so has lapsed, thus the Motion is ripe for adjudication.  After careful review, the

court concludes that the Motion must be **DENIED**.

    Plaintiff originally filed this action in state court on November 2, 2022, and

Defendant was served with the complaint on October 27, 2022.  ECF No. 15 at 3.  The

complaint alleged facts consistent with claims of racial discrimination.  *See generally*

Exhibit B to Defendant's Opp., ECF No. 16 at 21-27.[1]  The complaint stated two counts,

the titles of which indicated Plaintiff was alleging claims of disability discrimination in

violation of state law, and of gender discrimination in violation of federal law.  *Id.*  The

allegations of both counts, though, still referred to racial discrimination, not disability or

---

[1] The opposition and exhibits thereto do not have consistent internal pagination, and therefore citations to
this docket entry will refer to the page numbers assigned by the court's electronic filing system.

gender discrimination.  *Id.*  Defendant's counsel attempted to clarify the alleged claims informally, but when Plaintiff's counsel was unresponsive, Defendant filed a request to revise.  ECF No. 16 at 2.  Plaintiff filed the amended complaint, this time clearly asserting claims of racial discrimination in violation of state and federal law, on February 14, 2023.  *Id.*  The action was removed on March 15, 2023.  *Id.*

While plaintiffs generally are afforded the opportunity to choose the forum court, 28 U.S.C. § 1441 allows a defendant to remove to federal court a state court action which might have been brought in federal court.  The removal must occur within 30 days of first being served a filing that indicates that the case is removable.  28 U.S.C. § 1441(b).  "A case is removable when the initial pleading enables the defendant to 'intelligently ascertain' removability from the face of such pleading."  *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205–06 (2d Cir.2001).  The removing party bears the burden of showing that federal jurisdiction is proper.  *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011).

The parties agree that the dispositive question is whether the original complaint allowed Defendant to ascertain whether the action was removable.  Plaintiff asserts that the original complaint clearly asserted a claim under federal law,[2] and that its filing therefore should have triggered a requirement that removal take place within 30 days.  Defendant argues that the errors in the original complaint made the alleged claims so unclear that it could not know whether the second count was an error in its entirety (and whether Plaintiff only intended to raise state-law claims for relief).

_____

[2] Plaintiff asserts that the original complaint had no error in the second count, which Plaintiff describes as "a claim of *race* discrimination under Title VII."  ECF no. 15 at 4 (emphasis added).  Plaintiff even claims that its heading of refers to racial discrimination.  *Id.*  However, this is not the case; the second count of the original complaint  is subtitled "*Gender* Discrimination . . . ."  ECF No. 1-1 at 21 (emphasis added).

The court finds that Defendant has carried its burden of showing that it properly removed this action.  Particularly given that, in some cases, plaintiffs specifically decline to state federal discrimination claims so as to keep those matters in state court, it was not unreasonable for Defendant to first seek clarity of the claims before removal.   "[A] defendant should not be required to guess, at his peril, whether [a] matter is removable." *Sharon v. Nat'l Life Ins. Co. of Vermont*, No. 88 CIV. 4120 (RLC), 1988 WL 87508, at *1 (S.D.N.Y. Aug. 12, 1988); *see also Soto v. Apple Towing*, 111 F. Supp. 2d 222, 224 (E.D.N.Y. 2000) (denying a motion to remand in a discrimination action where the statutes at issue were not stated in the complaint, and where plaintiff's counsel declined to clarify the claims upon defense counsel's informal request).   The court concludes that removability was not intelligently ascertainable from the original complaint.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion is **DENIED.**


**IT IS SO ORDERED** at Hartford, Connecticut, this 20th day of September, 2023.


_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE